# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : **CRIMINAL COMPLAINT** |
| v. | : Hon. Jessica S. Allen |
| TYSHONE OVERSTREET | : Mag. No. 25-8106 |

I, Nelson Medina, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

*Nelson Medina*
Nelson Medina, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Special Agent Nelson Medina attested to this Complaint by telephone pursuant to F.R.C.P. 4.1(b)(2)(A) on this 29th day of April, 2025.

*Jessica S. Allen*
Honorable Jessica S. Allen
United States Magistrate Judge

## **ATTACHMENT A**

### **COUNT ONE**
(Possession of Ammunition by a Convicted Felon)

On or about April 14, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**TYSHONE OVERSTREET**,

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess one round of 9mm ammunition, and the ammunition was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**COUNT TWO**
(Possession with Intent to Distribute Fentanyl and Cocaine Base)

On or about April 16, 2025, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**TYSHONE OVERSTREET**,

did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

**ATTACHMENT B**

I, Nelson Medina, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about April 14, 2025, officers from the Newark Police Department responded to a radio call of shots fired in the area of Frelinghuysen Avenue. Upon arrival, Newark police recovered a shell casing near the scene of the shooting. Police then reviewed surveillance footage captured by video cameras in the area. That video footage showed an individual dressed in black wearing a face mask approach the defendant, Tyshone Overstreet ("Overstreet" or the "defendant"), who was leaning into the passenger side window of a parked vehicle. Overstreet was identified through additional video footage from earlier in the day of the shooting where he is clearly wearing the same clothing as he was at the time of the shooting. The video footage showed that the masked individual then pointed and fired a firearm towards Overstreet, who fled the scene. The first shell casing was recovered in the area consistent with the masked gunman firing at Overstreet.

2. Additional surveillance video footage showed that, as Overstreet ran from the masked gunman, Overstreet turned and fired back at the gunman from a firearm Overstreet possessed. After reviewing the videotape, Newark police searched that area and recovered one 9mm shell casing, consistent with where Overstreet fired his weapon (the "Ammunition").

3. The Ammunition was manufactured outside of the State of New Jersey, and thus traveled in interstate commerce prior to Overstreet's possession of the Ammunition in New Jersey on or about April 14, 2025.

4. On or about April 16, 2025, Newark police observed Overstreet in the area of Frelinghuysen Avenue. Police were in possession of a state arrest warrant for Overstreet's participation in the April 14, 2025 shooting incident as described above. As police approached Overstreet, he ran in an apparent attempt to avoid arrest. Officers chased Overstreet for several blocks, never losing sight of him. Overstreet was finally apprehended and as he was being handcuffed, Overstreet was observed discarding a large plastic bag which contained approximately 13 glassine envelopes containing suspected heroin/fentanyl, approximately 43 plastic bags and approximately 12 jugs containing suspected

crack cocaine, along with approximately $1,313 in U.S. Currency suspected to be drug proceeds.

     5.     The suspected narcotics described above were packaged, based on my training and experience involving dozens of narcotics investigations and arrests, in typical street-level packaging for distribution and the packaging and contents were consistent with the contents containing quantities of heroin/fentanyl and crack cocaine (cocaine base), respectively.

     6.     On or about January 31, 2024, Overstreet was convicted in federal district court for the District of New Jersey, of distribution and possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)(C) which is a crime punishable by imprisonment for more than one year. Overstreet was sentenced to 12 months' and one day imprisonment for that offense. Given the imposition of that term of imprisonment, Overstreet therefore knew on or about April 14, 2025 that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.